# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1835
_____

Michael T. Davitt

*Plaintiff - Appellant*

v.

Michael Spindler-Krage; Thomas Canan

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 13, 2023
Filed: March 21, 2024
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

MELLOY, Circuit Judge.

Michael Davitt brought this 42 U.S.C. § 1983 action against government attorneys Michael Spindler-Krage and Thomas Canan arguing they violated his Fourth and Fourteenth Amendment rights when they advised police officers that Davitt could be forcibly removed from his hotel room without eviction proceedings. Spindler-Krage and Canan asserted qualified immunity and moved for summary judgment, which the district court[1] granted. We affirm.

---

[1]The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

When the COVID-19 pandemic started, Olmsted County, Minnesota, initiated a program that arranged temporary, non-communal housing for elderly and vulnerable homeless individuals who risked serious health complications if they contracted the virus. At the time, plaintiff Michael Davitt was 69 years old, homeless, and living in Rochester, a city in Olmsted County. Given Davitt's age, Olmsted County identified him as a high priority for participation in the program. Olmsted County had entered into an agreement with Super 8 hotel as part of the program and was able to move Davitt into an individual hotel room there on a temporary basis. Olmsted County arranged and paid for Davitt's hotel room.

Thereafter, Davitt entered into a contract with Olmsted County titled "Agreement for Hotel Guests." By signing the agreement, Davitt acknowledged that his "hotel stay [would] be assessed weekly and extended by no more than one week at a time" and "that hotel management [could] ask [him] to leave at any time." Davitt signed and understood the agreement. Davitt did not have an independent agreement with Super 8.

Olmsted County ended the housing program for Davitt on May 31, 2020, at which point it stopped paying for Davitt's room. Thereafter, Super 8 contacted Davitt on multiple occasions to inform him that he needed to start paying for his room or leave. Davitt refused to vacate his hotel room on the basis that the Minnesota governor had issued an executive order temporarily prohibiting evictions of tenants who could not afford to pay rent.

When Davitt continued to refuse to leave, the hotel staff called the Rochester police for assistance in removing him. The police found Davitt's situation atypical and therefore, prior to removal, sought legal advice as to whether he was a tenant or a hotel guest. The police contacted Rochester deputy city attorney, Michael Spindler-Krage, as well as Thomas Canan, a senior assistant attorney for Olmsted County. Both attorneys were asked to help determine whether Davitt was a tenant,

and therefore entitled to greater property and due process rights, or whether he was a trespassing hotel guest who could be removed by the police.

Spindler-Krage and Canan reviewed the relevant state law, the governor's executive order, and the Agreement for Hotel Guests. In addition to concluding that the law indicated Davitt was a hotel guest, the attorneys determined that the Agreement for Hotel Guests lacked the characteristics of a typical lease: there was no rent obligation, specified term, security deposit, maintenance requirement, or covenant of quiet enjoyment. After independently determining that Davitt was a hotel guest, not a tenant protected by the executive order, the attorneys consulted one another, and Spindler-Krage then advised the police of their conclusion. Upon receiving this advice, police officers went to Davitt's hotel room, arrested him, and collected his belongings.

Thereafter, Davitt brought this 42 U.S.C. § 1983 action against Spindler-Krage and Canan, alleging they violated his Fourth and Fourteenth Amendment rights when they provided legal advice to the police that Davitt was a hotel guest and not a tenant. Davitt argued that Spindler-Krage and Canan, through their legal advice, caused the police to unlawfully remove him from his hotel room without eviction proceedings, in violation of his right to be free from unreasonable seizure and his right to due process. For their part, Spindler-Krage and Canan asserted the defense of qualified immunity and argued that Davitt was a trespassing hotel guest, not a tenant, so his removal was lawful.

Both parties moved for summary judgment. In granting Spindler-Krage and Canan summary judgment based on qualified immunity, the district court found it unnecessary to determine whether Davitt was a tenant or hotel guest. Rather, the district court found that no case law, statute, or other legal authority clearly established that Davitt was a tenant with a constitutionally protected right to his hotel room. Moreover, the district court found that the advice Spindler-Krage and Canan provided to the police at the time was objectively reasonable. Thus, the

district court held that Spindler-Krage and Canan were entitled to qualified immunity and dismissed Davitt's claims with prejudice. Davitt now appeals.

## II.

We review a district court's grant of summary judgment *de novo*, viewing the record in the light most favorable to Davitt and drawing all reasonable inferences in his favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Qualified immunity shields government officials from suit in federal court unless, at the time of the alleged offense, their conduct violates a right that was clearly established. *Jenkins v. Univ. of Minn.*, 838 F.3d 938, 944 (8th Cir. 2016). This immunity exists "to protect officials who are required to exercise their discretion." *Butz v. Economou*, 438 U.S. 478, 506 (1978). "To defeat qualified immunity, the plaintiff has the burden to prove [both]: '(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" *Wilson v. Lamp*, 901 F.3d 981, 986 (8th Cir. 2018) (quoting *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009)).

We can address either prong of the analysis first and begin by considering whether Spindler-Krage and Canan violated a clearly established right when they provided legal advice that Davitt was a hotel guest. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). When determining whether a government official violated a clearly established right, we do not require the plaintiff to provide a case that is directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). "[T]he contours of the right must be sufficiently clear such that every 'reasonable official would have understood that what he is doing violates that right.'" *Jenkins*, 838 F.3d at 947 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). As such, in rebutting a defense of qualified immunity, a plaintiff must define the clearly established right

with specificity—not "at a high level of generality." *Kisela*, 138 S. Ct. at 1152 (citation omitted). "[S]pecificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an offic[ial] to determine how the relevant legal doctrine . . . will apply to the factual situation the offic[ial] confronts." *Id.* (citation omitted). Finally, whether a government official may be held liable "generally turns on the 'objective legal reasonableness' of the action, . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Jenkins*, 838 F.3d at 946–47 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987)).

In granting Spindler-Krage and Canan qualified immunity, the district court concluded that Davitt failed to show

> it was clearly established in June 2020 that someone in his position—an individual temporarily provided a hotel room under an emergency government program to protect homeless individuals during a pandemic—was a tenant of the hotel with the right to remain in his room without paying rent until the hotel obtained an eviction order.

*Davitt v. Spindler-Krage*, 656 F. Supp. 3d 865, 870 (D. Minn. 2023). We agree that the issue before us turns on whether, under these circumstances, Davitt had a clearly established right as a tenant in his hotel room. The parties do not dispute that tenants are entitled to greater property and due process rights than hotel guests. *See, e.g.*, Minn. Stat. §§ 327.72–.73, 504B.281. Nor does Davitt contest that a trespassing hotel guest can be removed from hotel property. *See id.* § 327.73. Furthermore, Davitt does not dispute that, under Minnesota law, whether a person qualifies as a tenant or a hotel guest is a highly fact-specific inquiry. *See Quinn v. LMC NE Minneapolis Holdings, LLC*, 972 N.W.2d 881, 888 (Minn. Ct. App. 2022) (explaining that whether a person qualifies as a tenant or a hotel guest under Minnesota law is a highly fact-intensive inquiry "to be ascertained by consideration of a totality of the relevant circumstances and that no single factor is

necessarily dispositive"); *see also Asseltyne v. Fay Hotel*, 23 N.W.2d 357, 362 (Minn. 1946).

Thus, Davitt needs to present law that shows it was clearly established in late spring 2020 that someone in his situation was a tenant. Moreover, Davitt must show that Canan and Spindler-Krage were not objectively reasonable in advising that, under the specific circumstances, he was a hotel guest. None of the cases Davitt relies on present facts that would have put Canan and Spindler-Krage on notice that he had clearly established rights as a tenant. Davitt presents no case law or statutory authority that is remotely clear as to whether a person in his situation qualified as a tenant. Likewise, in conducting their legal research, Canan and Spindler-Krage encountered a dearth of precedent. The two attorneys' advice relied on the lack of clearly established law. Accordingly, Canan and Spindler-Krage were objectively reasonable in determining that Davitt was a trespassing hotel guest without the property and due process interests of a tenant.

## III.

Because Spindler-Krage and Canan did not violate Davitt's clearly established rights, we conclude they are entitled to qualified immunity and affirm.

_____